IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

LOUD RECORDS, LLC, et al.,

    **Plaintiffs,**

v.                                    Civil Action No. 1:05-0171

REGINALD LAMBRIGHT,

    **Defendant.**

<u>MEMORANDUM OPINION</u>

Pending before the court is plaintiffs' application for entry of default judgment by the court (Doc. No. 13).  This case is an action for copyright infringement arising from defendant's alleged unauthorized copying and distribution of plaintiffs' copyrighted sound recordings.  For the reasons outlined below, in an accompanying Judgment Order, plaintiffs' motion for default judgment is granted in part and denied in part.

Plaintiffs are awarded judgment in the amount of $5,250.00, in the form of statutory damages under the Copyright Act calculated at a rate of $750.00 per song.  Additionally, for the reasons outlined below, plaintiffs' request for an injunction prohibiting defendant from further infringing plaintiffs' copyrighted sound recordings through use of any online media distribution system is granted, albeit in a somewhat modified form.  Plaintiffs' request for an award of costs is denied because plaintiffs have not provided the court with adequate

evidence from which to determine whether their request is appropriate.

## A.  Factual Background

This is an action for copyright infringement arising from defendant's alleged unauthorized copying and distribution of plaintiffs' copyrighted sound recordings.  Plaintiffs filed this complaint on February 28, 2005.  In the complaint, plaintiffs, major recording companies who own copyrights in sound recordings, allege that defendant, without their permission or consent, has used an online media distribution system to download copyrighted recordings and to make the recordings available to others. Specifically, the copyrighted recordings allegedly downloaded and distributed or made available include seven (7) recordings listed in Exhibit A to the Complaint.  (See Doc. No. 1 Ex. A.)

Plaintiffs seek the following relief provided by the Copyright Act, 17 U.S.C. § 501:

(1) Statutory damages in the amount of $750.00 for each of the seven copyrighted sound recordings defendant infringed, for a total award of $5,250.00;

(2) An injunction prohibiting defendant from further infringing plaintiffs' copyrighted sound recording through use of any online media distribution system; and

(3) An award of costs in the amount of $363.40.

2

After defendant was served with a complaint and failed to respond, the Clerk entered default on defendant on July 12, 2005. Plaintiffs now move for default judgment.

## B. Applicable Law

As service was validly effected on defendant under Federal Rule of Civil Procedure 4, and defendant chose not to plead or otherwise defend herself in this action, all of the averments in the complaint are deemed admitted. See Fed. R. Civ. P. 8(d); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Branch Banking & Trust Co. v. Fowler, 2005 U.S. Dist. LEXIS 3799, at *6 (W.D. Va. Mar. 3, 2005).

However, Federal Rule of Civil Procedure 54(c) provides some limitation to the discretion of courts entering default judgment. "[A] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). However, courts may award damages in situations where they may be determined with certainty by reference to the pleadings and supporting documentation. See James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

### C.  Analysis

**1.  Statutory Damages**

Plaintiffs first seek the minimum statutory damages of
$750.00 per infringed work, as authorized under 17 U.S.C. §
504(c)(1), for each of the ten sound recordings listed in Exhibit
A to the Complaint.  An infringer of a copyright is liable for
either the copyright owner's actual damages and any additional
profits or statutory damages.  See 17 U.S.C. § 504(a).  "The
copyright owner may elect, at any time before final judgment is
rendered, to recover, instead of actual damages and profits, an
award of statutory damages for all infringements involved in the
action, with respect to any one work . . . in a sum of not less
than $750 or more than $30,000 as the court considers just."  17
U.S.C. § 504(c)(1).

The trial court must award damages according to the number
of separate and independent works infringed.  See Broadcast
Music, Inc. v. Xanthas, Inc., 855 F.2d 233, 237 (5th Cir. 1988).
However, the damages to be assessed are within the broad
discretion of the trial court as outlined in the statute.  See
Motown Record Co. v. Armendariz, 2005 U.S. Dist LEXIS, at **2-3
(W.D. Tex. Sept. 22, 2005).

It is not necessary for the court to hold a hearing so long
as it ensures that there is a basis for damages specified in a
default judgment.  Here, the court finds that plaintiffs have

4

established an adequate basis for the requested statutory damages based on the allegations contained in the complaint that defendant has admitted by virtue of her default.  Plaintiffs request the statutory minimum for willful infringement, $750.00 per infringed work, for each of the seven works defendant infringed.  Plaintiffs are awarded $750.00 per infringement, for a total statutory damages award of $5250.00.

**2.  Injunctive Relief**

Plaintiffs' next request is for injunctive relief prohibiting defendant from using any online distribution system to illegally reproduce or distribute plaintiffs' copyrighted works absent a lawful license or with the express authority of plaintiffs.  (<u>See</u> Doc. No. 1 at 5.)  Additionally, plaintiffs seek injunctive relief causing defendant to destroy all copies of plaintiffs' recordings that defendant has downloaded onto a hard drive or server without plaintiffs' authorization, or stored on a physical medium or device.  (<u>Id.</u>)

In their complaint, plaintiffs allege that defendant's conduct has caused, and, unless enjoined and restrained, will continue to cause plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  (<u>Id.</u> at 4.) Further, plaintiffs allege that they have no adequate remedy at law.  (<u>Id.</u>)

Section 502 of the Copyright Act authorizes the district court to grant final injunctions to prevent or restrain infringement of a copyright.  See Alcatel USA v. DGI Techs., 166 F.3d 772, 790 (5th Cir. 1999).  Likewise, section 503 provides that the court may impound and destroy any articles used to make the infringing copies of a copyrighted material.  Id.

Section 503(a) of the Copyright Act states: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  See 17 U.S.C. § 502.  A copyright owner is entitled to an injunction prohibiting further infringing performances if the owner shows: (1) actual success on the merits, (2) no adequate remedy at law, (3) the threatened injury outweighs any damage to the defendant, and (4) the injunction will not disserve the public interest.  See, e.g., DSC Commc'ns Corp. v. DGI Tech, Inc., 81 F.3d 597, 600 (5th Cir. 1996).  In short, an injunction is appropriate if liability has been established and if there is a substantial likelihood of further infringement of plaintiffs' copyrights.  See Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc., 712 F. Supp. 1257, 1262 (S.D. Tex. 1989), aff'd, 915 F.2d 1567 (5th Cir. 1990).

The finding of default against defendant satisfies the element of success on the merits.  Arista Records, Inc. v. Beker

6

Enter. Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).
Further, there is no adequate remedy at law because plaintiffs'
injury cannot be fully compensated or measured in money.  Id.
Further, absent an injunction, plaintiffs would remain vulnerable
to future incursions by defendant as, by default, defendant has
already admitted to willfully and repeatedly infringing
plaintiffs' copyrights.  Injunctions are also routinely issued as
part of default judgment in copyright cases.  See Atari, Inc. v.
N. Am. Philips Consumer Elec. Corp., 672 F.2d 607, 620 (7th
Cir.), cert. denied, 459 U.S. 880 (1982).

     As such, plaintiffs' request for injunctive relief is hereby
granted as to the materials for which the plaintiffs have valid
copyrights.  An injunction, phrased as follows, is hereby issued:

> Defendant shall be and hereby is enjoined
> from directly or indirectly infringing
> plaintiffs' rights under federal or state law
> in any copyrighted recording, whether now in
> existence or later created, that is owned or
> controlled by plaintiffs (or any parent,
> subsidiary, or affiliate record label of
> plaintiffs), including without limitation by
> using the Internet or any online media
> distribution system to reproduce (*i.e.*,
> download) copyrighted recordings, to
> distribute (*i.e.*, upload) copyrighted
> recordings, or to make any copyrighted
> recordings available for distribution to the
> public, except pursuant to a lawful license
> or with the express authority of Plaintiffs.
> Defendant also shall destroy all copies of
> any copyrighted recordings that defendant has
> downloaded onto any computer hard drive or
> server without plaintiffs' authorization and
> shall destroy all copies of those downloaded

recordings transferred onto any physical
medium or device in defendant's possession,
custody or control.[*]

**3.   Costs**

Plaintiffs third request is for defendant to pay their costs
of suit in the amount of $363.40.  (See Lyons Aff. ¶ 6.)  Section
505 of the Copyright Act provides that "the court in its
discretion may allow the recovery of full costs by or against any
party . . . ."  See 17 U.S.C. § 505.

However, plaintiffs submit no proof detailing the costs
incurred.  Accordingly, the court cannot determine whether the
$363.40 represents reasonable and allowable costs pursuant to 28
U.S.C. § 1920 (enumerating expenses that a federal court may tax
as a cost).  See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433
(1983) (holding that courts must ascertain what amount of fees
are "reasonable" before awarding attorneys fees); Alameda Films
SA de CV v. Authors Rights Restoration Corp., 331 F.3d 472, 484-

---

[*]  This injunction is modified from that requested by
plaintiffs as their requested injunction appears to be broader
than would be supported by the allegations contained in the
complaint.  Plaintiffs' proposed injunction potentially extends
to non-copyrighted works.  The court cannot issue any injunction
that is broader than the allegations in the complaint.  See
Cromer v. Kraft Foods North Am., Inc., 390 F.3d 812, 817 (4th
Cir. 2004); Whitehead v. Viacom, 233 F. Supp. 2d 715, 726 (D. Md.
2002) (stating that a judge must ensure that an injunction is
narrowly tailored to fit the specific circumstance at issue).
Even given the posture of this case, the court does not believe
it warranted to grant any injunction broader than the one
provided in this Memorandum Opinion and Order.

85 (5th Cir. 2003) (overturning a district court's award of attorneys fees and costs because the party seeking the award did not submit documentation of the full costs and reasonable fees, but rather relied on testimony of a man who had reviewed the files of the attorneys that represented the party seeking the award).  Because the court has no means of determining whether plaintiffs' averred fees are reasonable, plaintiffs' request for costs in this action is hereby denied without prejudice.

### D.  Conclusion

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and to any unrepresented party.

It is SO ORDERED this 30th day of March, 2006.

ENTER:

David A. Faber
Chief Judge